**UNITED STATES' DISTRICT COURT**
**DISTRICT OF RHODE ISLAND** CA 07 089 ML

CIVIL ACTION NUMBER:

| | |
|---|---|
| CHUKWUMA E. AZUBUKO - Plaintiff | |
| v. | **COMPLAINT** |
| JUDGE THOMAS P. GRIESA – IN OFFICIAL CAPACITY Defendant | |

**PARTIES**

The Plaintiff had been a resident of Massachusetts for upwards of 20-year. Besides working in Massachusetts, in all modesty, the Plaintiff strove to acquire advance degrees. Striking amongst them were LL.B and M. Ed. More, the Plaintiff had striven to crossing his t's and dotting his i's not seasonably, but at all material times. The Defendant is an United States' District Court Judge - Southern District of New York – New York. The Plaintiff filed two cases in the said Court in 2000. They were given docket numbers 00-CV-2581 (TPG) and 00-CV-2582 (TPG). [Exhibit 1]

**JURISDICTION**

The Court had *in personam* or *general jurisdiction* constitutionally, statutorily and procedurally. [Article III Section 1; 28 U.S.C. Sections, 1331, 1361 and 1364; Fed. R. Civ. P. 4 (e), (i) and (k)]

**COUNT ONE - JUDICIAL IMMUNIY**

With candor in communications, the Defendant had not an *absolute judicial immunity*, but *qualified immunity*. The Defendant stated, thus:

"Furthermore, the bar against Plaintiff filing any new action without prior leave of the Court remains in effect." [See Exhibit 1 *supra*]

Reiteratively, the statement reduced the absolute immunity to qualified immunity. The Defendant's stance culminated into deprivation of the Plaintiff his striking constitutional rights – Equal Protection and Due Process Clauses. [Fifth Amendment] The Fourteenth Amendment Equal Protection and Due Process Clauses should be marginalized, because they were considered to be the watchdogs for the States. On that, excerpts read:

"In examining entitlement to immunity, the United States' Supreme Court focused upon the nature of the act: is it an act ordinarily performed by a Judge? Unfortunately, judges sometimes exceed their jurisdiction in a particular case. But an act done in complete absence of all jurisdiction cannot be a judicial act. Piper v. Pearson, id., 2 Gray 120. It is no more than the act of a private citizen, pretending to have judicial power, which does not exist at all. In such circumstances, to grant absolute judicial immunity is contrary to the public policy expectation that there shall be a Rule of Law."

"Judges have given themselves judicial immunity for their judicial functions. Judges have no judicial immunity for criminal acts, aiding, assisting, or conniving with others who perform a criminal act, or for their administrative/ministerial duties. When a judge has a duty to act, he does not have discretion – he is then not performing a judicial act, he is performing a ministerial act."

"Under Federal law which is applicable to all states, the United States' Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgements or sentences, are considered, in law, as trespassers." *Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).

**COUNT TWO – UNCONSTITUTIONALITY AND ILLEGALITY OF RESTRICTION OF ACCESS TO COURTS**

It would be unquestionably judicious and advantageous to note that the Defendant's any form of restriction of the Plaintiff's access to the United States' District Court - Southern District of New York – New York amounted to overt judicial discrimination. It epitomized perpetuity of slavery in United States [and] in stark violation of the United States' Constitution. [13th Amendment] The Plaintiff was conscious that his Ancestors were condemned to such a heinous and unfortunate fate owing to circumstances beyond their – the Slaves - controls, but it never meant the Plaintiff reliving it in the 21st Century of the United States. The blatant [constitutional] injury spoke for itself. Excerpts associated with Constitutional rights, read, thus:

"Constitutional 'right' would be of little value if they could be indirectly denied."

[*Gommillion v. Lightfoot*, 364 U.S. 155 (1966); *Smith v. Allwright*, 321 U.S. 649, 644]

"Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction."

"When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost. [*Zeller v. Rankin*, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326]

"Loss of First Amendment Freedoms, for even minimal periods of time, unquestionbly constitutes irreparable injury." [*Elrod v. Burns*, 427 U.S. 347; 6 S. Ct. 2673; 49 L. Ed (1976)]

"There can be no sanction or penalty imposed upon one, because of his exercise of constitutional rights." [*Miller v. United States*, 230 F.2d. 486, 490; 42]

Restriction of access to courts had been considered crassly unintelligent, apish and unlawful. The Defendant should know better! He deemed it advisable to declare war against the United States' brilliant Constitution vis-a-vis his affirmation of the queer restrictive order and the eye closure or negligence tantamount to the slave-holders' jurisprudence methodology time. Such a measure was ominous, execrable and condemnable. Co-creator of the Universe with God! Restriction of access to courts had been proverbially known as deprivation of the fundamental human right. [*Lewis v. Casey*, 516 U.S. 804 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977)] Certainly, the Defendant would not live without some physiological needs, but he expected the Plaintiff to live without them. That typified professional recklessness, insensitivity and sophism! The Plaintiff manifested in a state of grace no sign of being a *defective person* or someone with *diminished responsibilities*. Indeed, the judicial or legal discrimination was heart-rending, at all times.

## COUNT THREE – CHILLY EFFECTS TO PLAINTIFF'S FIRST AMENDMENT RIGHTS – FREEDOM OF SPEECH

The Defendant should not expect the Plaintiff to [always] say/ing what he would like to hearing. That meant *active domination of will* and *torture*. More, such a cancerous propensity had mountainous chilling effects on the Plaintiff's First Amendment rights. In brief, the constitutional aberration culminated into deprivation of the Plaintiff his Equal Protection and Due Process Clauses. [Fifth Amendment] It also

lent itself to overt discrimination. Being a constitutional right, it would not be deprived without Due Process Clause and not Burger King's or MacDonald's Clause as the Defendant embarked upon defied logic countlessly. What was/were the Plaintiff's crime/s? The only crime that the Plaintiff knew that he committed was thus using the said Court to resolve misunderstandings as recommended in the First Amendment! More, that triggered off the anger of the Defendant and his phalanxes or allies to deprive the Plaintiff direct access to the said Court: that typified overt judicial discrimination – others were never condemned to similar situation – though similarly situated with the Plaintiff. Of course, wonderful time and energy had been prostituted with, to regulate or control what had been self-controlled, thus *malicious prosecution*. If anyone felt that s/he/it had been wrongfully sued by the Plaintiff, the person or the entity should not be reminded to seek/ing remed(y)/ies from the court [thus *malicious prosecution*] thus jury tirial. It would be purely un intelligent to control what had been legally controlled or taken care of. The [*gross*] *negligence* or condescension of the Defendant appeared laughable, queer, Al Qaedaistic, Guantanomoistic and Talibanistic, at all material times. Truly, "It is very difficult to learning how to using one's left hand at old age if one were right-handed" and "A good dog cannot eat the leather or meat hung on its neck." [Proverbs] The oath of office had been resoundingly abused. [Evidently] there existed nothing like "I will faithfully defend the Constitution of the United States, so help me God." On the proceedings, anthem was pulverized without a grain of moral qualm. Indeed, the salt really lost its taste without [even] knowing it. It was unfortunate the trust had been easily abused. The Police Commissioner had established hobnob or friendship with the most notorious criminal [in town] What else remained sacrosanct or sacred? The Plaintiff asked not for any assistance for preparation and filing of meaningful brief, et cetera. [*Younger v. Gilmore*, 404 U.S. 15. Pp. 821-833]

**COUNT FOUR – STATUTE OF LIMITATIONS**

Of course, the basis for the proceedings' commencement was affirmed or enacted on May 19th – 2002, but never barred jurisdiction owing to "continuous violation." Central to [Supreme] Court's/s/s' recent decisions on the doctrine in question, it was not considered an enemy to fair administration of justice, at all material times. [*Eberhart v. United States*, 56 ____ U.S. (2005); *Houston v. Lack*, 487 U.S. 266 (1988); *Ortega-*

*Rodriguez v. United States*, 507 U.S. 234 (1993); *Railroad Passenger Corp. v. Morgan - Morganwill*, 536 U.S. 101 (2002)] Justice had to prevail, because the Defendant went about his official duties asking thus. "Who is my neighbor?" Well, he needed not to love his neighbor or the Plaintiff, but [he] needed not to hurt or harm his neighbor or the Plaintiff.

Consequently, the Plaintiff would demand compensatory damages in the amount of $5M excluding cost and interest. More, the Defendant should send an apology letter to the Plaintiff: it should be with his live signature. The apology letter would be concluded with: 'I will not condemn you to injury of law or constitutional deprivations in case you decide to use the court in future.' Without mincing words, the Plaintiff's access to the said Court should be restored without [much] delay. Obviously, slavery had been outlawed in the United States and for the Defendant to practice it in the United States would be shameful, dehumanizing and unlawful, in any shape or form.

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

Dated: Thursday – January 04th – 2007.