DISTRICT
U. S. DISTRICT COURT FILED MAY 19 2000 S. D. OF N. Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZUBUKO,

Plaintiff,

-against-

MARTIN II - SUFFOLK COUNTY DISTRICT OF MASSACHUSETTS; & MR. EARLY - CLERK OF THE UNITED STATES DISTRICT COURT-WESTERN DISTRICT,

Defendants.

ORDER

00 Civ. 2581 (TPG)

AZUBUKO,

Plaintiff,

-against-

BANK BOSTON OF MASSACHUSETTS; UNITED BANK FOR AFRICA ABA [NEW YORK] BRANCH; & MASSACHUSETTS APPEALS COURTS,

Defendants.

00 Civ. 2582 (TPG)

MICROFILM MAY 1 9 2000 -3 00 PM

Plaintiff, having paid the filing fees, brought two actions in which he sought review of decisions by courts in Massachusetts. By Order dated March 10, 2000, this Court *sua sponte* consolidated and dismissed the two actions under the doctrine of *res judicata*. In response, plaintiff submits identical motions for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in each action.[1]

[1] As the two motions for reconsideration are identical, no useful purpose would be serve by considering and discussing each separately. Therefore, plaintiff's motions for reconsideration

EXHIBIT 1

DISTRICT CO. FILED

In his motions, plaintiff first contends that the Court erroneously granted him in forma pauperis status, since he paid the requisite filing fee of $150.00 for each action. In addition, plaintiff attempts to distinguish the two instant actions from his prior cases before courts in Massachusetts, stating that the doctrine of res judicata should not apply to his cases. Plaintiff's motions are DENIED for the reasons set forth below.

It is true that the Court incorrectly granted plaintiff in forma pauperis status despite his payment of the requisite filing fees. However, nothing in plaintiff's instant motions justify the setting aside of this Court's order or judgment. Plaintiff's motions are not based on newly discovered evidence, Fed. R. Civ. P. 60(b)(2), or a cognizable claim of mistake, inadvertence, surprise or excusable neglect, Fed. R. Civ. P. 60(b)(1), but only on what he alleges is the Court's recharacterization of his allegations and the doctrine of res judicata. An examination of plaintiff's instant motions and complaints, however, reveal no legal theories on which he may rely. See Johnson v. Giuliani, No. 1998 WL 30274, *2 (S.D.N.Y. Jan. 28, 1998). Thus, according the two pro se complaints the close and sympathetic reading to which they are entitled, they reveal no deprivation of a federally secured right. The complaints were therefore properly dismissed. See Pillay v. Immigration and Naturalization Service, 45 F.3d 14, 16 (2d Cir. 1995); Tyler v. Carter, 151 F.R.D. 537

---

are consolidated solely for the purpose of this order.



EXHIBIT 1

DISTRICT

(S.D.N.Y. 1993), aff'd, 41 F.3d 1500 (2d Cir. 1996).

It is well-settled that relief under Rule 60(b)(6) may be granted only in "extraordinary circumstances." See Ackerman v. United States, 340 U.S. 193, 199-202 (1950); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Plaintiff's instant motions do not present such circumstances.

Accordingly, plaintiff's motions are DENIED. The Clerk of Court is directed to accept no further submissions under these two docket numbers. Any further submission under these docket numbers, with the exception of a Notice of Appeal, shall be returned to plaintiff without further order. Furthermore, the bar against plaintiff filing any new action without prior leave of the Court remains in effect.

SO ORDERED

Thomas P. Griesa

THOMAS P. GRIESA
United States District Judge

MAY 1 3 2000

Dated: New York, New York.



EXHIBIT 1