UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHUKWUMA E. AZUBUKO,
        Plaintiff,
   v.
                                    CA 07-089 ML
JUDGE THOMAS P. GRIESA - IN
OFFICIAL CAPACITY,
        Defendant.

## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

    Before the Court is Plaintiff's motion for leave to proceed in forma pauperis.[1] See Motion and Affidavit for Permission to Appeal in Forma Pauperis (Document ("Doc") #2) ("Motion"). For the reasons stated herein, I recommend that the Motion be denied and that Plaintiff's Complaint (Doc. #1) be dismissed.

### Discussion

    It appears from the Complaint that Plaintiff is attempting to sue United States District Court Judge Thomas P. Griesa of the Southern District of New York because Judge Griesa issued an order on May 19, 2000, directing the clerk of that court to accept no further submissions from Plaintiff in two actions which Plaintiff had filed there. Plaintiff seeks compensatory damages in the amount of five million dollars, excluding costs and interest, and a letter of apology.

    Plaintiff is a resident of Massachusetts. See Complaint at 1. Defendant is presumably a resident of either New York, New

---

[1] Plaintiff has filed his motion using a Motion and Affidavit for Permission to Appeal in Forma Pauperis (Document ("Doc.") #2) ("Motion"). As the Court has determined that the Motion should be denied, the fact that Plaintiff has used a form intended for an appeal (as opposed to the commencement of action) is inconsequential.

Jersey, or Connecticut.[2]  See id.  There is no reason to believe that he is a resident of Rhode Island.  The act about which Plaintiff complains (the issuance of the May 19, 2000, order) occurred in New York and affected Plaintiff's ability to file documents in New York.  Thus, this action appears to have no connection to the District of Rhode Island other than the fact that Plaintiff has chosen to file it here.

Even reading Plaintiff's filing with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), due to his pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n.1 (1st Cir. 1997)(noting obligation to construe pro se pleadings liberally)(citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96 (1972)), the Court is unable to discern any basis on which jurisdiction exists in this matter, see Mills v. Brown, 372 F.Supp.2d 683, 688 (D.R.I. 2005)("A party seeking relief in a district must at least plead facts which bring the action within the court's jurisdiction.")(citing Fed. R. Civ. P. 8(a)(1)); cf. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)(noting that "pro se status does not insulate a party from complying with procedural and substantive law.  The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled.")(citation omitted).  "Failure to plead such facts warrants dismissal of the action." Mills v. Brown, 372 F.Supp.2d at 688 (citing Fed. R. Civ. P. 12(h)(3)[3]).

---

[2] 28 U.S.C. § 134 requires that district court judges in the Southern District of New York must either reside in the district or within twenty miles thereof.

[3] According to Fed. R. Civ. P. 12(h), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**Conclusion**

Accordingly, I recommend that Plaintiff's Motion be denied and that the action be dismissed because the Complaint fails to demonstrate a basis for this Court to exercise jurisdiction. See Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 12(h)(3); see also 28 U.S.C. § 1915(e)(2). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[4] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

*David L Martin*
DAVID L. MARTIN
United States Magistrate Judge
March 12, 2007

---

[4] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).