UNITED STATES' DISTRICT COURT
DISTRICT OF RHODE ISLAND

**AZUBUKO** **CIVIL ACTION NO. 07-089 ML**

**v.**

**HONORABLE GRIESA**

**PLAINTIFF'S OPPOSITION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DAVID L. MARTIN**

Importantly, the Plaintiff thanked Magistrate Judge Martin for finding time to endorse his report and recommendation and not recourse to type signature or rubber stamp dated March 12th – 2007. By and large, the subject matter was far from being competent, let alone being outstanding. These would be the bases for the Plaintiff's objection to the report and recommendation.

01) The denial of the Plaintiff's motion for fee waiver defied logic and violated the doctrines of Equal Protection and Due Process Clauses. [Meltzer v. Lecraw, 402 U.S. 936 (1971); *Martinez v. Kleaners, Inc.*, 11th Cir. No. 02-16019; *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40, 69 S. Ct. 85, 88-89 (1948)]

02) The Plaintiff needed not to be a resident of Rhode Island for the Court to exercise subject matter and personal jurisdiction over the proceedings. The case was not filed at the Rhode Island's Courts, but the United States' District Court. On that, chalk would not be cheese. The most important barometer would be contacts with the *sovereign* – United States and not the Rhode Island. [*Federal Trade Commission v. Jim Walter Corp.*, 651 F.2d 251, 256-57 (5th Cir. Unit A July 1981); *United Electric Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080-86 (**1st Cir. 1992( (holding that in federal question cases sufficient contacts to justify the assertion of personal jurisdiction exist whenever the defendant is served within the sovereign of the United States)**]

03) Furthermore, the Court had jurisdiction constitutionally, statutorily and procedurally. Why should it be swept under the rug? [Article III Section 1; The Judicial Act of 1789; Fed. R. Civ. P. 4 (e) (i) and (k); ***Azubuko v. Eastern Bank***, 3rd Cir. No. 05-

2039] Evidently, the Court's notion on jurisdiction markedly deviated from the latter-day acceptable jurisprudence methodology. The notion of where one was born would be where one would grow, die and be buried qualified for false reasoning, in all modesty.

04) "...Even .... solicitude ..." or not, the Court got hold of the wrong end of the stick by design or by accident. The gist of the proceedings commence was on restriction of the Plaintiff direct access to the United States' District Court, Southern District of New York. Of course, there existed deprivation of constitutional right. Could that not sufficiently rather adequately established basis for the Court's exercise of jurisdiction under the federal question. [28 U.S.C. Section 1331] Not seeing the basis for jurisdiction on conspicuous deprivation of constitutional right represented the much-talked legal detour for some in the United States. [Bell, Derrick] There was nothing wrong with the pleading – pro se or not. Jurisprudence realities construction would not be to the maximum, let alone optimum interest of fairest or scientific administration of justice.

**CONCLUSION**

Unexaggeratedly, reiteratively and in all modesty, the dismissal recommendation was not recherché in nature and should be recanted. In brief, it was palpably unintelligent and unscientific. Indeed, "Homer, sometimes, nods. In essence, it could an honest mistake! Without circumlocution and tergiversation, justice had been likened to water and no sane wo/man should be allergic to it. It would be to optimum interest of fairest administration of justice for one to resist the urge of auctioning one's conscience under the color of administration of justice.

Respectfully submitted on Monday – March 20th – 2007.

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

**CERTIFICATE OF SERVICE**

Central to the precocious dismissal recommendation or proceedings process botch, the Plaintiff did not serve the Defendant with a copy of the head.

CHUKWUMA E. AZUBUKO,
Pro Se.